# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Hullaby,<br>Movant/Defendant<br><br>-vs-<br><br>United States of America,<br>Respondent/Plaintiff. | CV-14-1767-PHX-SRB (JFM)<br>CR-09-1406-PHX-SRB<br><br>**Report & Recommendation<br>on Motion to Vacate, Set Aside or<br>Correct Sentence** |

### I.      MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 7, 2014 (Doc. 1).  On May 7, 2015 Respondent filed its Response (Doc. 9).  Movant filed a Reply on July 24, 2015 (Doc. 19).

The Movant's Motion is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

### II.     RELEVANT FACTUAL & PROCEDURAL BACKGROUND
#### A.     FACTUAL BACKGROUND

In disposing of Movant's direct appeal of his conviction, the Ninth Circuit summarized the facts as follows:

> In this operation, undercover ATF agents, working with [an informant], met with Hullaby and others to plan and carry out a robbery of a fictional cocaine stash house. Hullaby's part in the plan was to enter the stash house, along with three others, and subdue the guards that the ATF agents said would be present.
> On the appointed day, the ATF agents, [the informant], and

1

the other conspirators met in a parking lot from which they were supposed to proceed to the stash house. As the participants prepared to leave, one of the agents gave a signal and ATF personnel arrested the conspirators.

*United States v. Hullaby*, 736 F.3d 1260, 1262 (9th Cir. 2013)

## B.     PROCEEDINGS AT TRIAL

Movant and five co-defendants were eventually indicted on November 10, 2009 on charges of (1) conspiracy to possess cocaine with intent to distribute; (2) attempt to possess cocaine with intent to distribute; and (3) possession of firearm in furtherance of a drug trafficking crime and aiding and abetting. (CR 17.)[1]

Movant eventually proceeded to trial, and was convicted on Counts 1 and 3, with a mistrial declared on Count 2. (CR 289, ME 12/10/10; CR 305, 306 Jury Verdicts.)

Movant appeared for sentencing on March 14, 2011. (CR 429, RT 3/14/11.) The Court noted the applicability of 10 and 25 year consecutive mandatory minimum sentencing. (*Id.* at 7.) The Court further addressed assertions that there was sentencing entrapment (e.g. that the government chose drugs and the quantity of drugs in the sting operation solely to result in higher sentencing). The Court reasoned that the defense's theory was flawed because the mandatory minimum was triggered by five kilograms of the drugs, an amount less than what would have been necessary to evoke interest in the multi-party conspiracy, and thus the investigators' use of 25 kilograms in the sting was not entrapment. (*Id.* at 17-19) The Court concluded:

> THE COURT: Okay. The Court does not accept under the facts of this case with respect to Mr. Hullaby and the fact that the mandatory-minimum is triggered by five kilograms or more that the quantity of drugs use or the fact that drugs were used triggers a valid sentencing entrapment argument.

(*Id.* at 19.)

Movant was sentenced to the mandatory minimum, consecutive sentences of 120

---

[1] Documents in the underlying criminal case, CR-09-1406-PHX-SRB-3, are referenced herein as "CR ___."

2

months on Count 1, and 300 months on Count 3.  (CR 388, Sentence.)

## C. PROCEEDINGS ON DIRECT APPEAL

Movant filed two notices of direct appeal to the Ninth Circuit, cases 11-10118 (CR 387, 393) and 11-10170, (CR 412, 413) which were consolidated. (AR 7.)[2]  In his Opening Brief, Movant argued: (1) instructional error regarding withdrawal from conspiracy; (2) insufficiency of the indictment; (3) evidentiary error regarding prior conviction; (4) cumulative error; (5) outrageous government conduct; (6) sentencing error in (a) abuse of discretion in not sentencing below the statutory minimum based on sentencing entrapment; (b) cruel and unusual punishment; (c) statutory minimums violated separation of powers; and (d) denial of right to jury on prior offenses and facts used to increase sentence above statutory minimum.  (AR 16.)

Following oral argument, Movant also filed a Motion to Supplement (AR 65), seeking to address the effect on Movant's sentencing entrapment claim under the then recent decisions in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *United States v. Cortes*, 757 F.3d 850 (9th Cir. 2014), arguing that they required that claims of sentencing entrapment are required to be tried to a jury when they raise the possibility of changing the applicable statutory maximum or minimum.  The Government opposed the motion to supplement, arguing that the claim had been waived. (AR 66.) The Ninth Circuit summarily denied the motion. (AR 70, Order 11/1/13.)

In a published opinion, the Ninth Circuit rejected the (5) outrageous government conduct argument.  *See United States v. Hullaby*, 736 F.3d 1260 (9th Cir. 2013).  In an unpublished memorandum decision, the Ninth Circuit rejected the (1) instructional error, (2) insufficiency of the indictment, (3) evidentiary error, (4) cumulative error, and (6) sentencing error claims.  With regard to the portion of the latter related to sentencing entrapment, the court concluded:

---

[2] Documents in the Ninth Circuit appellate consolidated cases, 11-10118 and 11-10170, are referenced herein as "AR ___."

> The district court did not err in rejecting Hullaby's sentencing entrapment argument, because there was "no evidence of the type of reluctance and inducement present in cases where we have found sentencing entrapment." *United States v. Biao Huang*, 687 F.3d 1197, 1204 (9th Cir. 2012); *see also United States v. Yuman-Hernandez*, 712 F.3d 471, 475–76 (9th Cir. 2013). The district court reasonably determined that the amount of cocaine at issue was set above the amount that would trigger a mandatory minimum sentence in order to have a high enough value to interest the conspirators, not to enhance the sentence artificially.

*United States v. Hullaby*, 552 Fed. Appx. 620, 622 (9th Cir. 2013).

Petitioner filed with the U.S. Supreme Court a Petition for Writ of Certiorari, which was denied on October 14, 2014. (AR 86.)

## D.   PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Movant commenced the current case by filing his Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255 on August 7, 2014 (Doc. 1). Movant's Motion asserts a single ground for relief.

> Movant alleges there has been an intervening change in law that would require the "sentencing entrapment" defense he employed at trial to be decided by a jury. Specifically, he contends the United States Supreme Court's holding in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), "shifted the burden of proof" on his entrapment defense to the government, "as such defense and evidence . . . thereof are facts that could affect the mandatory minimum or maximum sentence to be imposed."

(Order 11/17/14, Doc. 4 at 2.)

**Response** - On May 7, 2015 Respondent filed its Response (Doc. 9).  Respondent argues that Movant's claim is procedurally defaulted (*id.* at 16), that *Alleyne* is not retroactively applicable on collateral review (*id.* at 17),[3] and the claim is without merit (*id.* at 18, *et seq.*).

**Reply** - On July 24, 2015, Movant filed a Reply (Doc. 19).  Movant argues that the Government's conduct was outrageous, and amounted to entrapment and sentencing

---

[3] Respondent does not explain why *Alleyne,* decided January 14, 2013, would need to apply "retroactively" when Movant's direct appeal was pending until December 4, 2013, and his Petition for Writ of Certiorari until October 14, 2014.

4

entrapment. (*Id.* at 1-6.) Movant argues that his claim is not procedurally defaulted because he raised it in the district court and court of appeals. (*Id.* at 6.) Movant argues that *Alleyne* is retroactively applicable, and mandates a new trial. (*Id.* at 7-11.)

### III.  APPLICATION OF LAW TO FACTS

#### A.  PROCEDURAL DEFAULT

Respondent argues that Ground 1 was not properly raised on direct appeal, and is barred as procedurally defaulted.

The general rule is "that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. U.S.*, 538 U.S. 500, 504 (2003). Thus, a Section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default, and is precluded from asserting the claim. *Bousley v. U.S.*, 523 U.S. 614, 621 (1998) (finding default where petitioner challenging his guilty plea did not raise claim in direct appeal); *U.S. v. Frady*, 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).[4]

**Not Raised in Appellate Briefs** – Movant argues that he raised his present claim on direct appeal, pointing to pages 60 to 63 of his Opening Brief, and pages 27 to 28 of his Reply Brief. (Reply, Doc. 19 at 6.)

While Movant raised a challenge based on "sentencing entrapment" in his appellate briefs, he did so only by directly attacking the sentencing judge's rejection of the argument as an abuse of discretion. (AR 16, Opening Brief at 60-63.) The claim he now makes is not that the trial court's decision was an abuse of discretion, but a denial of his right to a jury determination and the burden of proof was improperly placed on

---

[4] The parties discuss whether the claim was preserved in the trial court. While the preservation of the claim in the trial court might be relevant had Movant attempted to properly bring the claim in his opening brief on direct appeal, (e.g. to show that it was waived in the trial court) it is not necessary to a conclusion that he procedurally defaulted the claim in the Court of Appeals.

5

Movant. (Motion, Doc. 1 at 5.) The only challenge he made regarding his right to a jury determination was concerned with prior convictions, and sentencing above the statutory minimum. (AR 16, Opening Brief at 66.) It did not address findings of facts relevant to establishing the statutory minimum, as he now asserts. He raised no objections related to the burden of proof, but conceded that he "carrie[d] the burden of proving that sentence factor manipulation occurred by a preponderance of the evidence." (AR 16, Opening Brief at 61.)

In his Reply Brief on direct appeal, Movant again attacked only the trial court's rejection of the argument (cast as "sentence factor manipulation"). (AR 41, Reply Brief at 27-28.) Again, he made no objection to the trial court having made the determination (rather than the jury) or the burden of proof.[5]

Accordingly, Movant failed to raise the claim he now makes in his appellate briefs.

**Presentation in Motion to Supplement** – Movant did argue in his Motion to Supplement at least a portion of the claim he now asserts, *i.e.* that the jury should have made the factual determinations on the sentencing manipulation. (AR 65.) However, the Ninth Circuit denied that motion, and thus refused to permit Movant to belatedly raise that new claim.

Although more fully developed in the context of state prisoner habeas petitions under 28 U.S.C. § 2254, the concept of "fair presentation" applies as well to federal prisoners filing a motion to vacate under §2255. "Where the petitioner-whether a state or federal prisoner-failed *properly* to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause'" for the waiver and shows "actual

---

[5] Movant seems to argue in his Reply that his present claim is simply a re-urging of his argument that the "court should have been free to sentence him below the otherwise-applicable statutory minimum sentence because of the government sentencing entrapment 'or' sentencing factor manipulation." (Reply, Doc. 19 at 6.) But that claim was raised and disposed of in Movant's direct appeal. The Ninth Circuit has long held that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent petition under 2255." *Stein v. U.S.*, 390 F.2d 625, 626 (9th Cir. 1968).

6

prejudice resulting from the alleged ... violation.' " *Reed v. Farley*, 512 U.S. 339, 354 (1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *id*., at 87) (emphasis added).

Here, Movant did not *properly* present his claim in his appellate briefs, but only in his Motion to Supplement.  That is not fair presentation of an issue.  "Generally, an issue is waived when the appellant does not specifically and distinctly argue the issue in his or her opening brief."  *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).  *See also Valentine v. City of Chicago*, 452 F.3d 670, 680 (7th Cir. 2006), as amended (July 6, 2006) ("Just as arguments raised for the first time at oral argument are waived…so too are arguments made in supplemental filings following oral argument").

Accordingly, Movant failed to fairly present his claim to the Ninth Circuit, and as a result procedurally defaulted the claim.

**Cause and Prejudice** -  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent'."  *Bousley*, 523 U.S at 622 (citations omitted).  Movant does not assert his actual innocence, nor any cause to excuse his procedural default.

Movant's claim does rely upon the relatively recent decision in *Alleyne*, 133 S.Ct. 2151, decided January 14, 2013, over a year after briefing closed in Movant's direct appeal.  "[A] claim that 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default."  *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)).  But the legal basis for the decision in *Alleyne* was not novel.

*Alleyne* explicitly overruled the Court's decision in *Harris v. U.S.*, 536 U.S. 545 (2002), that facts increasing the statutory minimum sentence could be found by a judge rather than the jury.  *Alleyne*, 133 S. Ct. at 2163.  In her concurrence in *Alleyne*, Justice Sotomayor (joined by Justices Ginsberg and Kagan) observed that five justices in *Harris* had deemed the conclusion in *Alleyne* mandated by the reasoning in *Apprendi v. New*

*Jersey*, 530 U.S. 466 (2000). *Alleyne*, 133 S. Ct. at 2165 (Sotomayor, J. concurring).

Thus, *Alleyne* was not some surprising turn in jurisprudence, but one that had been deemed inevitable by a majority of the Supreme Court in 2002, when *Harris* was decided. That was some nine years before Movant filed his Opening Brief (AR 16). Thus, the legal basis for Movant's current claim was reasonably available to counsel.

Movant asserts no other cause to excuse his procedural default, and the undersigned finds none.

**Actual Innocence** – The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id*. at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Moreover, an actual innocence analysis does not invite a simple reconsideration of the evidence at trial, but requires consideration of new evidence. "To meet this

standard, [the Petitioner] must first furnish 'new reliable evidence ... that was not presented at trial.' " *Griffin v. Johnson,* 350 F.3d 956, 961 (9th Cir. 2003) (quoting *Schlup*, 513 U.S. at 324).

Here, Movant proffers no new, reliable evidence of his actual innocence. Instead, he simply argues the evidence presented at trial, and conclusory allegations of his lack of intent to complete the crimes. Thus, Movant fails to make a showing that no reasonable juror would have found him guilty.

Accordingly his procedurally defaulted claim, and the Motion to Vacate, must be dismissed with prejudice.

B.   **OTHER DEFENSES**

Because the undersigned concludes that Movant's claims are plainly barred as procedurally defaulted, Respondent's other procedural and substantive defenses are not reached.

### IV.   CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255, and challenges Movant's federal criminal judgment or sentence. The recommendations if accepted will result in Movant's Motion being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be in part on procedural grounds, and in part on the merits. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Motion to Vacate, a certificate of appealability should be denied.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed August 7, 2014 (Doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.     EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules*

*of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: November 9, 2015

14-1767r RR 15 11 03 on HC.docx

James F. Metcalf
United States Magistrate Judge