NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Hullaby,<br><br>         Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>         Respondent/Plaintiff. | No. CV-14-01767-PHX-SRB<br>    CR09-01406-PHX-SRB<br><br>**ORDER** |

Defendant Brandon Hullaby filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on August 7, 2014.  He raised one claim for relief. Hullaby asserts that an intervening change in the law required that his sentencing entrapment defense be decided by a jury rather than by the court at sentencing.  The Government filed a response in opposition.  Hullaby filed a reply.  On November 9, 2015, the Magistrate Judge issued his Report and Recommendation concluding that Hullaby's claims are plainly barred as procedurally defaulted and recommending that the Motion to Vacate be dismissed with prejudice and that a Certificate of Appealability be denied. Hullaby filed timely written objections.

The factual and procedural background is accurately related in the Report and Recommendation.  What is most significant for purposes of this Section 2255 motion is the decision by the Ninth Circuit Court of Appeals filed October 9, 2013 in *United States v. Cortes*, 757 F.3d 850 (9th Cir. 2014). When *Cortes* was decided Hullaby's direct

appeal was pending before the Ninth Circuit, had been fully briefed and oral argument had been held.  Hullaby's appellate counsel brought the *Cortes* decision to the attention of the Court of Appeals in a motion for supplemental briefing filed October 10, 2013. Because Hullaby's case was still pending on direct review, the *Cortes* holding is applicable, if relevant. Counsel urged that the Court of Appeals review this Court's failure to submit the issue of sentencing entrapment to the jury for plain error.

The Government opposed the motion for supplemental briefing on several grounds, including that the issue was not preserved for appeal because Hullaby did not request the jury be instructed on sentencing entrapment and conceded that the issue was one to be resolved by this Court at sentencing.  The Government also argued that because Hullaby had not requested a sentencing entrapment jury instruction that the appellate review would be for plain error by this Court in failing to sua sponte instruct the jury on sentencing entrapment. The Government argued that Hullaby could not make that showing because this Court correctly rejected Hullaby's sentencing entrapment arguments on the merits and because the jury rejected the traditional entrapment claim on the merits, thus demonstrating that the absence of a jury instruction on sentencing entrapment did not seriously undermine the fairness of the trial or otherwise affect Hullaby's substantial rights. The Court of Appeals denied the motion for supplemental briefing without explanation on November 1, 2013.  The Court of Appeals issued its opinion on December 4, 2013.  The Court of Appeals held that this Court did not err in rejecting Hullaby's sentencing entrapment argument:

> [b]ecause there was "no evidence of the type of reluctance and inducement present in cases where we have found sentencing entrapment." (citations omitted). The district court reasonably determined that the amount of cocaine at issue was set above the amount that would trigger a mandatory minimum sentence in order to have a high enough value to interest the conspirators, not to enhance the sentence artificially.

(*United States v. Hullaby*, No. 2:09-CR-01406-SRB-3, Doc. 496-2, Mem. Op. at 4.)

While the Court does not disagree with the Magistrate Judge that Hullaby

procedurally defaulted this claim by failing to raise it in his appellate briefs, the Court disagrees with the Magistrate Judge that the decision *Alleyne v. United States*, 133 S. Ct. 2151 (2013), is the reason that Hullaby is not entitled to relief.

In this Court's view, it is the *Cortes* decision which is significant not the *Alleyne* decision. In *Cortes* the Court of Appeals expressly noted "We have never held that sentencing entrapment is a jury question, but the Supreme Court's precedent and our own make clear that it must be." 757 F.3d at 861. Prior to this pronouncement in *Cortes* the Ninth Circuit had held that sentencing entrapment was a question for the court at sentencing and the Supreme Court's decision in *Alleyne* did not necessarily put Hullaby and his counsel on notice of the change in the law that *Cortes* announced.

Having said that, however, this Court's review of *Cortes* and the inference that it draws from the denial of the motion for supplemental briefing, together with the holding of the Court of Appeals in Hullaby's appeal on the issue of sentencing entrapment demonstrates that Hullaby is not entitled to relief on the merits of his claim. The *Cortes* court noted:

> A criminal defendant is entitled to present his sentencing entrapment defense to the jury if the success of that defense would result in a lower statutory sentencing range. That is, if there is some foundation in the evidence that he would be subject to a lesser statutory minimum or maximum sentence if his sentencing entrapment defense were to succeed. . . .

*Id.* at 863.

In Hullaby's case there was no foundation in the evidence, that is, there was no evidence sufficient to present sentencing entrapment to a jury. As this Court found, and the Court of Appeals affirmed, there was no evidence of sentencing entrapment in this case. Therefore, under *Cortes* there was no foundation for the submission of any jury instruction on this issue. On the merits Hullaby's arguments based on *Cortes* must be rejected. While Hullaby may have cause for his procedural default, that is, his failure to raise this issue in his briefs on appeal,

he has shown no actual prejudice and, therefore, his procedural default cannot be excused nor could he succeed on the merits of his claim even if properly preserved.

IT IS ORDERED overruling Hullaby's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED that Brandon Hullaby's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is denied and dismissed with prejudice.

IT IS FURTHER ORDERED denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal. The dismissal of the motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 24th day of February, 2016.

_____
Susan R. Bolton
United States District Judge